UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL L. WULF,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | Case No. ED CV 07-939 PJW<br><br>MEMORANDUM OPINION AND ORDER |

    Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). Plaintiff claims that the ALJ erred when he failed to: 1) properly consider the findings of the treating psychiatrist, Dr. Andrew Janik; 2) follow the governing regulations in rating Plaintiff's mental impairment; and 3) pose a complete hypothetical question to the vocational expert. (Joint Stip. at 3-5, 7-8, 11-12.) Because the Agency's decision that Plaintiff was not disabled is not supported by substantial evidence, it is reversed and the case is remanded for further proceedings.

    Plaintiff filed an application for SSI on January 31, 2005. (Administrative Record ("AR") 49-53.) The Agency denied the

1  application initially and on reconsideration. (AR 38-48.) Plaintiff
2  then requested and was granted a hearing before an Administrative Law
3  Judge ("ALJ"). On October 27, 2006, Plaintiff appeared with counsel
4  at the hearing and testified. (AR 528-51.) On January 25, 2007, the
5  ALJ issued a decision denying the application. (AR 12-22.) After the
6  Appeals Council denied Plaintiff's request for review, Plaintiff
7  commenced this action.

8   In his first claim of error, Plaintiff contends that the ALJ did
9  not properly consider the functional limitations found by his treating
10 psychiatrist, Dr. Andrew Janik. (Joint Stip. at 3-5.) Plaintiff
11 argues that the ALJ "selectively considered on[ly] the slight
12 limitations indicated by Dr. Janik, and attempted to downplay the
13 numerous and significant amount of moderate limitations" that the
14 psychiatrist found. (Joint Stip. at 4.) Though the Court does not
15 agree that the ALJ selectively focused on only the slight limitations,
16 it finds that the ALJ did err in evaluating the medical evidence
17 relating to the limitations caused by Plaintiff's alcoholism and
18 concludes that, for that reason, remand is required.

19   Plaintiff is an alcoholic with a history of alcohol abuse. (AR
20 120-21.) In evaluating a disability claim filed by an alcoholic, an
21 ALJ conducts a two-step analysis. First, he determines whether the
22 claimant is disabled, taking into account all of his impairments, both
23 alcohol and non-alcohol related. *Bustamante v. Massanari*, 262 F.3d
24 949, 955 (9th Cir. 2001) (citing 20 C.F.R. §§ 404.1535, 416.935).
25 Next, he determines whether, after eliminating all of the limitations
26 caused by the alcoholism, the claimant is still disabled. *Id.* If the
27 ALJ determines that, after ignoring those limitations, the claimant
28 can still work, then he must conclude that the claimant is not

disabled.  *See* 20 C.F.R. § 416.935 (providing that, if alcoholism is a contributing factor material to a determination of disability, the claimant will be deemed not disabled); *see also Parra v. Astrue*, 481 F.3d 742, 744 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1068 (2008).

The ALJ correctly followed the right approach.  He first determined that Plaintiff had severe impairments consisting of bipolar affective disorder (type 2, depressed), depression, and alcoholism. (AR 14, 18.)  Next, he apparently found that Plaintiff's impairments did not meet or medically equal a Listing.[1]  He then determined that Plaintiff's residual functional capacity would not permit him to perform past relevant work or any other work in the national economy.

---

[1] The ALJ's decision is confusing on this point.  The relevant section heading states, "The claimant has an impairment or combination of impairments that meets or medically equals one of the listed impairments[.]"  (AR 15.)  The ALJ noted underneath this heading:

> I find that when the claimant's substance abuse is in effect, the claimant's medically determinable impairments are severe enough to meet Listing 12.09 [Substance Addiction Disorders].  Specifically, the claimant meets the required level of severity for Listing 12.09 because the requirements of Listing 12.04 [Affective Disorders] are satisfied.
>
> . . .
>
> I also do not find that the "B" criteria of . . . Listing [12.09] are satisfied for the same reasons articulated above regarding Section 12.04.  (AR 15.)

Thereafter, the ALJ continued with the sequential disability analysis, which would have been unnecessary had he concluded at step three that Plaintiff's impairment met or equaled a Listing.  20 C.F.R. § 416.920(a)(4)(iii).  Though this confusion does not affect the Court's analysis, on remand, the ALJ should clarify his findings at step three.

(AR 17-18.)  Thus, he concluded that, with Plaintiff's alcohol-related impairments, Plaintiff was disabled.

The ALJ then analyzed whether Plaintiff would be disabled without the limitations caused by his alcohol abuse.  He found that, if Plaintiff stopped drinking, his bipolar disorder would continue to be a severe impairment, as "evidenced by the litany of psychotropic medications he is prescribed to treat the disorder(s)," but that it would not meet or equal a Listing.  (AR 18.)  The ALJ ultimately concluded, however, that, absent drinking, Plaintiff would be able to work.[2]  (AR 18-21.)

The ALJ erred when he analyzed Plaintiff's functional limitations in the absence of alcohol use.  He relied on the opinion of a consultative psychiatrist, Dr. Robin Rhodes-Campbell, who examined Plaintiff on April 28, 2005, at a time when Plaintiff claimed that he had not been drinking for six months.  (AR 19, 427.)  She opined that Plaintiff "should have no impairment in understanding, remembering, and carrying out" both simple and detailed instructions, in making judgments on simple work-related decisions, and in relating appropriately to the public, supervisors, and co-workers.  (AR 428.)  Dr. Rhodes-Campbell found that Plaintiff would be mildly impaired in withstanding the stress and changes associated with an eight-hour workday.  (AR 428.)  The ALJ adopted these findings, thus relying on Dr. Rhodes-Campbell's opinion as to Plaintiff's limitations when he was not drinking.  (AR 18, 19, 20.)

---

[2] The critical difference the ALJ found when Plaintiff's drinking was ignored was that Plaintiff would no longer be "off task" 20% of the time.  (AR 15, 18.)

4

Dr. Rhodes-Campbell's opinion, however, was contradicted by the treating psychiatrist's, Dr. Janik's, opinion. Dr. Janik indicated on an evaluation form he filled out that Plaintiff would be moderately limited in most activities relating to work, including maintaining attention and concentration for extended periods; performing activities within a schedule and maintaining regular attendance; sustaining an ordinary routine without special supervision; working in coordination with others without being distracted by them; interacting appropriately with the general public; asking simple questions; accepting instructions; maintaining socially appropriate behavior; responding to changes in the work setting; and setting realistic goals. (AR 505-06.) Dr. Janik also indicated that Plaintiff would miss three or more days of work each month. (AR 506.)

The ALJ discounted Dr. Janik's opinion because he believed that it was based on the assumption that Plaintiff was still drinking. (AR 20.) But the form Dr. Janik filled out required that he make his evaluation under the opposite assumption. That form states: "Please make your assessment apart from the effects of drug or alcohol use or abuse." (AR 505.) Thus, presumably, Dr. Janik's opinion that Plaintiff was limited was based on his assumption that Plaintiff was not drinking and was not limited from drinking. (AR 505.) In Dr. Janik's view, then, even if he did not drink, Plaintiff would be moderately limited in a number of functional areas and would miss three or more days of work each month. Dr. Janik's findings were, therefore, inconsistent with those of Dr. Rhodes-Campbell, and the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting them. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). The ALJ did not do so,

evidently assuming that Dr. Janik's findings could be harmonized with those of Dr. Rhodes-Campbell and, in fact, claiming to attribute "significant weight" to Dr. Janik's opinion. (AR 20.) For this reason, the matter must be remanded for the ALJ to reconsider Dr. Janik's opinion, and to determine whether Plaintiff would still be disabled if he stopped drinking.[3]

In his second claim of error, Plaintiff contends that the ALJ failed to follow the "special technique" set forth in 20 C.F.R. § 404.1520a for evaluating the severity of mental impairments and, in particular, did not set forth the ALJ's findings as to Plaintiff's functional limitations as a result of his mental impairment. (Joint Stip. at 7-8, citing 20 C.F.R. §§ 404.1520a(b)(2), (c)(3)-(4), (e)(2).) Though this might not warrant remand in and of itself, in light of the fact that the Court is remanding the case on another issue, the Agency should take another look at this issue as well. *See* 20 C.F.R. § 404.1520a (e)(2) ("At the administrative law judge hearing . . . the written decision must incorporate the pertinent findings and conclusions based on the [aforementioned] technique."); *see also Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005)

---

[3] Though the ALJ also relied on the opinion of Dr. Emanuel Rosen--a state agency reviewing psychiatrist who filled out and submitted a check-the-box assessment form--that opinion raises additional concerns. The sum total of Dr. Rosen's "opinion" is contained on the first page of the 14-page form. (AR 445-58.) There, Dr. Rosen checked two boxes, indicating, summarily, that Plaintiff was not impaired. There is no explanation as to how he arrived at his opinion or why he ignored the other interrogatories on the remaining 13 pages of the form.

6

(holding that, where claimant presented a colorable claim of mental impairment, ALJ's failure to follow prescribed special technique required remand).

In his third claim of error, Plaintiff contends that the ALJ failed to pose a complete hypothetical question to the vocational expert by failing to incorporate Dr. Janik's limitations in the hypothetical. (Joint Stip. at 11-12.) This issue is reserved for the ALJ on remand. If he adopts Dr. Janik's opinion, he should include in the hypothetical question to the vocational expert those limitations found by Dr. Janik. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). If he rejects Dr. Janik's opinion, he need not include those limitations. *See*, *e.g.*, *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005); *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).

For the foregoing reasons, the Agency's decision is reversed and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: March __31__, 2009.

*(signature)*

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\WULF, R 939\Memo_Opinion.wpd